UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| LAWRENCE L. HANCOCK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 23-cv-2042 |
| NICOLE ROACH, and others, | ) ) ) |
| Defendants. | ) ) |

### ORDER

Plaintiff, proceeding pro se, pursues claims for violations of his constitutional rights pursuant to 42 U.S.C. §1983. Plaintiff has been granted leave to proceed in forma pauperis.

The Court dismissed Plaintiff's complaint on 7/17/23 because (1) Plaintiff's claims were vague and bore insufficient detail of what occurred for the Court to determine if Plaintiff had stated a claim against a named defendant, and (2) Plaintiff appeared to improperly seek to join unrelated claims against unrelated defendants.

Plaintiff has now moved for leave to amend, Motion (Doc. 12). Plaintiff's motion is granted. Clerk to docket amended complaint.

The case is now before the Court for a merit review of the amended complaint.

<u>Merit Review</u>

The Court must "screen" Plaintiff's complaint, and, through such process, identify and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to

state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff seeks to sue 9 Defendants: The Vermilion County Illinois Sheriff's Department, Officers Nicole Roach, Davis, Troy Wasson, Huchstadt, T. Johnson, and Justine Varvel, Vermilion County Courthouse Bailiff Fred Mikalik, and Lindsey Kuemmerie.

Plaintiff alleges Defendant Roach made a false report at the Danville YMCA, resulting in the arrest of Plaintiff, on an unspecified date; Defendant Davis attacked him during a traffic stop, along with Roach, also on an unspecified date; Defendant Wasson falsely accused Plaintiff of threatening him and strangled Plaintiff, again on an unspecified date; Huchstadt falsely accused Plaintiff of committing crimes, also on an unspecified date; Defendant Johnson falsely accused Plaintiff of committing crimes, also on an unspecified date; Defenant Varvel allowed other officers to attack Plaintiff, also on an unspecified date; and Defendant Mikalik falsely accused Plaintiff of a crime following a court appearance, also on an unspecified date; Defendant Kuemmeric made false statements "conspiring" with Roach on some unspecified date.

The Federal Rules of Civil Procedure require that the plaintiff submit a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that the essential function of a complaint under the civil rules … is to put the defendant on notice of the plaintiff's claim. *Ross Brothers Const. Co., Inc, v. International Steel Services, Inc.*, 283 F.3d 867, 872 (7th Cir. 2002) (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)). While it is not necessary for a plaintiff to plead specific facts, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2007) (citing *Twombly,* 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Here, the Court finds that Plaintiff's allegations are too vague and devoid of sufficient context and detail to place Defendants individually or jointly on notice of the claims against them. Plaintiff fails to identify the date or time of any alleged actions by any named Defendant. He also fails to include any detail about the purported false allegations and physical attacks against him, or any injuries he believes he has suffered. Indeed he appears to allege he suffered no injuries at all, disclaiming any physical injury, and stating that as to any "emotional toll," "I personally don't see it."

Such sparse allegations are insufficient to state a claim for relief.

This is particularly true here, because Plaintiff alleges he has been fighting these issues for over 4 years,[1] so the statute of limitations has likely run on Plaintiff's federal claims. "A § 1983 claim borrows the statute of limitations for analogous personal-injury claims in the forum state; in Illinois that period is two years." *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019) (citing 735 Ill. Comp. Stat. 5/13-202; *Wallace v. Kato*, 549 U.S. 384, 388–89 (2007)).

Plaintiff's allegations also span several incidents and are asserted against numerous Defendants.

A plaintiff "may join Defendants in the same action only if the claims against each one 'aris[e] out of the same transaction, occurrence, or series of transactions or occurrences ….'" *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) (quoting Fed. R. Civ. P. 20(a)(2)). "Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). "To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'" *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (quoting Rule 20(a)(1)(A)).

---

[1] Plaintiff's Vermilion County criminal case numbers support that assertion: 2019CF000435, 2019CF000661, 2019CF000455, 2019CM000847, 2019CM000499.

"[D]istrict courts should not allow inmates to flout the rules for joining claims and Defendants, see Fed. R. Civ. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

The Seventh Circuit "target[s] for dismissal 'omnibus' complaints—often brought by repeat players—that raise claims about unrelated conduct against unrelated Defendants." *Mitchell*, 895 F.3d at 503.

In the Court's prior order, the Court warned Plaintiff that if he did not comply with the Court's instructions, the Court would dismiss this action with prejudice. Plaintiff's amended complaint fails to comply with federal pleading standards, and Plaintiff has been allowed an opportunity to amend. Plaintiff has failed to comply with the Court's order. This action is dismissed with prejudice.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion for Leave to Amend [12] is GRANTED.

2. Pursuant to its merit review under 28 U.S.C. § 1915A, this action is dismissed for failure to comply with Rule 8(a) and for failure to state a claim. Dismissal is with prejudice for failure to comply with this Court's Orders. See Fed. R. Civ. P. 41(b).

3. If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis must identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing

that a good faith appeal is an appeal that "a reasonable person could suppose … has some merit" from a legal perspective).

Entered this 18th day of September, 2023.

>*s/Joe Billy McDade*
> JOE BILLY MCDADE
> UNITED STATES DISTRICT JUDGE